**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

Carlos Devon Lewis,

Defendant.

No. CR-20-00045-PHX DGC

No. CR-05-00755-PHX DGC

**ORDER**

During his appearances before the Court in this case, Defendant Carlos Devon Lewis has argued strenuously that the Court has no jurisdiction over his cases. The Court has attempted to explain to Defendant that his understanding of the law is incorrect, but he persists in his assertion. Although Defendant is represented by counsel (Doc. 47 in Case No. CR-20-00045 and Doc. 120 in Case No. CR-05-00755), and counsel has not questioned the Court's jurisdiction, the Court will explain the basis for its jurisdiction one time for the benefit of Defendant. The Court does not intend by this order to enter into a prolonged debate with Defendant regarding the Court's jurisdiction.

Defendant is charged in CR-20-00045 with robbing three federally-insured banks in violation of 18 U.S.C. § 2113(a), (d). *See* Superseding Indictment, CR-20-00045, Doc. 49. Likewise, he was charged in CR-05-00755 with robbing a federally-insured bank in violation of 18 U.S.C. § 2113(a). *See* Indictment, CR-05-00755, Doc. 7. He pled guilty

in that case and was sentenced to prison and a term of supervised release.  He is now alleged to have violated his supervised release.  *Id.*, Doc. 71.

Article III, Section 2 of the Constitution provides that the judicial power of the federal courts extends to all cases "arising under this Constitution" and "the Laws of the United States."   The laws of the United States, of course, include statutes passed by Congress and signed by the President.  Such a statute addresses jurisdiction over federal crimes and provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  18 U.S.C. § 3231.

This jurisdiction includes robberies committed against federally insured banks.  As the Ninth Circuit Court of Appeals has explained:

> Federal courts have jurisdiction over a bank robbery offense where the bank was a federally insured institution.  *See United States v. Mohawk*, 20 F.3d 1480, 1482 n.1 (9th Cir. 1994); *see also* 18 U.S.C. § 2113(f) (1994) (for purposes of statute, "bank" means any bank whose deposits are insured by the Federal Deposit Insurance Corporation); 18 U.S.C. § 3231 (1994) ("The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States.").

*United States v. Harris*, 108 F.3d 1107, 1108-09 (9th Cir. 1997).

The Ninth Circuit has further held that 18 U.S.C. § 2113 – the statute Defendant is alleged to have violated – falls within Congress's Commerce Clause power and therefore is constitutional:

> The federal bank robbery statute contains jurisdictional language that requires the prosecutor to establish a connection to interstate commerce because the statute's coverage is limited to banks that are members of the Federal Reserve System or insured by the FDIC.  18 U.S.C. § 2113(f).  These financial institutions are instrumentalities and channels of interstate commerce and their regulation is well within Congress's Commerce Clause power.  Section 2113 withstands constitutional analysis[.]

*Id.* at 1109 (internal citations omitted).

The indictments in both of Defendant's cases allege that the banks Defendant robbed were federally insured.  Defendant admitted in CR-05-00755 that the bank he robbed was federally insured, and the government will be required to prove in CR-20-00045 that the banks were federally insured.  The Court therefore has jurisdiction over both cases under the elements of 18 U.S.C. § 2113 and 18 U.S.C. § 3231.  *See United States v. Avery*, No. 3:11-CR-00274-BR, 2015 WL 8967233, at *1 (D. Or. Dec. 15, 2015) ("The Ninth Circuit has held that 'federal courts have jurisdiction over a bank robbery offense where the bank was a federally insured institution.'  Under 18 U.S.C. § 2113(f), 'bank' means any bank whose deposits are insured by the [FDIC].  In this case, the two financial institutions at issue were federally insured at the time of defendant's crimes; therefore, this court has subject matter jurisdiction.") (quoting *Harris*, 108 F.3d at 1109).

Finally, Congress has granted the Court authority to place Defendant on supervised release in CR-05-00755 and to revoke his supervised release upon violation.  *See* 18 U.S.C. § 3583.  The Court thus retains jurisdiction to enforce the terms of Defendant's supervised release.

In summary, there is no doubt that the Constitution, federal statutes, and the facts alleged in these cases grant the Court jurisdiction over Defendant and the crimes he committed in CR-05-00755 and is alleged to have committed in CR-20-00045.

Dated this 16th day of November, 2020.

David G. Campbell
Senior United States District Judge

- 3 -